# EXHIBIT B

Michael J. Farrell - 015056
mfarrell@jsslaw.com
**JENNINGS, STROUSS & SALMON, P.L.C.**
A Professional Limited Liability Company
The Collier Center, 11th Floor
201 East Washington Street
Phoenix, Arizona 85004-2385
Telephone: (602) 262-5911

*Attorneys for Amici Curiae United Dairymen of Arizona, Shamrock Foods Company, Shamrock Farms Company, Parker Dairy Farms, Inc. and Dairy Institute of California*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

HEIN HETTINGA AND ELLEN HETTINGA d/b/a SARAH FARMS; and GH DAIRY d/b/a GH PROCESSING,

Plaintiffs,

vs.

EDWARD T. SCHAFER, SECRETARY, UNITED STATES DEPARTMENT OF AGRICULTURE; JAMES R. DAUGHERTY, ADMINISTRATOR OF THE ARIZONA MILK MARKETING ORDER; AND UNITED STATES OF AMERICA,

Defendants.

No. CIV-08-2124-PHX-FJM

**DECLARATION OF MICHAEL J. FARRELL IN SUPPORT OF UNITED DAIRYMEN OF ARIZONA, SHAMROCK FOODS COMPANY, SHAMROCK FARMS COMPANY, PARKER DAIRY FARMS, INC. AND DAIRY INSTITUTE OF CALIFORNIA'S MEMORANDUM OF AMICI CURIAE IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

I, MICHAEL J. FARRELL, hereby declare:

1. I am an attorney-at-law of the State of Arizona, the State of New York and the State of California and a Member of the firm Jennings, Strouss & Salmon, P.L.C., attorneys for proposed Amici Curiae United Dairymen of Arizona, Shamrock Foods Company, Shamrock Farms Company, Parker Dairy Farms, Inc. and Dairy Institute of California. I submit this Declaration in support of the Memorandum of Amici Curiae In Support Of Defendant's Motion to Dismiss.

2. Attached hereto as Exhibit 1 is a true and correct copy of the Court's "Order" filed March 30, 2006 in *Hettinga, et al. v. Johanns, et al.,* United States District Court for the Northern District of Texas, Lubock Division, Civil Action No. 5:06-CV-052-C.

3. Attached hereto as Exhibit 2 is a true and correct copy of the "Stipulation of Dismissal" filed May 22, 2006 in *Hettinga, et al. v. Johanns, et al.,* United States District Court for the Northern District of Texas, Lubock Division, Civil Action No. 5:06-CV-052-C.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 27, 2009.

*/s/ Michael J. Farrell*
Michael J. Farrell

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

LUBBOCK DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAR 30 2006
CLERK, U.S. DISTRICT COURT
By ______________
Deputy

HEIN HETTINGA and ELLEN HETTINGA, d/b/a SARAH FARMS,

Plaintiffs,

v.

MIKE JOHANNS, SECRETARY OF AGRICULTURE, UNITED STATES DEPARTMENT OF AGRICULTURE,

Defendant.

Civil Action No. 5:06-CV-052-C
ECF

**ORDER**

CAME ON FOR CONSIDERATION this day the Plaintiffs' Motion for a Preliminary Injunction, filed on March 15, 2006. Also before this Court is the Defendant's Response, filed on March 27, 2006, and the Plaintiffs' Reply, filed on March 29, 2006. After considering the briefs filed, as well as the arguments of counsel at the hearing held on March 29, 2006, this Court is of the opinion that the motion should be denied.

As an initial matter, the Court notes that preliminary injunctive relief is an "extraordinary and drastic remedy." *Enterprise Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985). It should be "treated as an exception rather than the rule." *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357,

363-64 (5th Cir. 2003). Consequently, in order for this Court to grant a preliminary injunction, Plaintiff must establish:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat that they will suffer irreparable injury if preliminary injunctive relief is denied;

(3) the threatened injury to them outweighs the injury to the other party if a preliminary injunction is issued; **and**

(4) the injunction is not adverse to the public interest.

*Enterprise Int'l, Inc.*, 762 F.2d at 472; *Lake Charles Diesel, Inc. v. GMC*, 328 F.3d 192, 195-96 (5th Cir. 2003) (emphasis added).

In this case, Plaintiffs have "utterly" failed to establish the prerequisites to preliminary injunctive relief. First, Plaintiffs have not demonstrated that they will suffer "irreparable" injury if this Court refuses to grant a preliminary injunction. The Fifth Circuit has held that "[m]ere injuries, however substantial, in terms of money, time, and energy necessarily expended in the absence of a stay are not enough." *PCI Transp., Inc. v. Fort Worth & Western R.R. Co.*, 418 F.3d 535, 545 n. 42 (5th Cir. 2005); *see DFW Metro Line Servs. v. Southwestern Bell Telephone Co.*, 901 F.2d 1267, 1269 (5th Cir. 1990) ("There can be no irreparable injury where money damages would adequately compensate a plaintiff."); *see also Atwood Turnkey Drilling, Inc. v. Petroleo Brasileiro*, 875 F.2d 1174, 1179 (5th Cir. 1989) (noting general rule against preliminary injunctive relief where harm is "strictly financial").

Here, Plaintiffs claim that the Final Rule will impose a regulatory assessment of several hundred thousand dollars per month. (Pl.'s Mot. for Prelim. Inj. Br., p. 23.) These payments will allegedly have a substantial adverse effect on Sarah Farms' revenues and profitability. *Id.*

Specifically, in response to the increased cost to bottle its own produced milk, Sarah Farms will either have to raise its prices to its customers by approximately twenty cents per gallon or suffer a direct loss on those sales. (Pl.'s Reply, p. 18.) Then, in response to these increased prices, Sarah Farms will suffer either the loss of accounts, reduced profits, or a change in the comparative prices offered by Sarah Farms. *Id.* For Plaintiffs, the "real and irreparable harm to Sarah Farms is the attended loss of goodwill, opportunities and customers that have resulted and will continue to result from USDA's illegal rule." *Id.* Although Plaintiffs make a valiant effort to "milk" their anticipated financial harms for all they are worth, in the end, the harms articulated by Plaintiffs remain inherently financial. "The lost goodwill of a business operated over a short period of time is usually compensable in money damages." *DFW Metro Line Servs.*, 901 F.2d at 1269. Because any potential injury suffered by Sarah Farms could be calculated and recompensed in the form of damages, Sarah Farms did not prove a likelihood of irreparable injury if preliminary injunctive relief is denied.

Second, this Court is of the opinion that Plaintiffs have not demonstrated a "substantial likelihood" of success on the merits.[1] Finally, Plaintiffs have failed to establish that the threatened injury to them outweighs the injury to the Government and/or the Intervenors if a preliminary injunction is issued. Consequently, for the reasons cited in Defendant's brief, Plaintiffs' motion for a preliminary injunction should be denied.

---

[1] *See, e.g.,* Def.'s Br., App. A., p. 75-99.

## CONCLUSION

The Court, based on the reasoning articulated herein, hereby ORDERS that the Plaintiffs' Motion for a Preliminary Injunction is **DENIED**.[2]

Dated this 30th day of March, 2006.

SAM R. CUMMINGS
UNITED STATES DISTRICT JUDGE

[2] Although not outcome-determinative, the Court notes that Congress recently passed the Milk Regulatory Equity Act of 2005. *See* 152 Cong. Rec. S2120 (daily ed. March 28, 2006) (statement of Speaker pro tempore Culberson) ("In the opinion of the Chair, two-thirds of those present have voted in the affirmative."). As an initial matter, it appears that if the President signs this Act into law, Plaintiffs' request for injunctive relief may very well become a moot point.

Or, as Joey Tribbiani, a character on the NBC hit television show *Friends*, so appropriately put it:

> This is all just a moo point. It's like a cow's opinion . . . it just doesn't matter. It's "moo."

# EXHIBIT 2

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY 22
CLERK, U.S. DISTRICT COURT
By ____________
Deputy

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**LUBBOCK DIVISION**

**HEIN HETTINGA AND ELLEN HETTINGA d/b/a SARAH FARMS,**

**Plaintiffs,**

**v.**

**MIKE JOHANNS, SECRETARY, UNITED STATES DEPARTMENT OF AGRICULTURE, et al.,**

**Defendants.**

**CIVIL CASE NO. 5-06CV0052-C**

**STIPULATION OF DISMISSAL**

Pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure, the parties to this lawsuit hereby stipulate to the dismissal of the action without prejudice, with each side to bear its own costs.

Respectfully submitted,

JOHN F. COONEY
(D.C. Bar No. 936336)
Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4812

ALFRED W. RICCIARDI
(Arizona Bar No. 009547)
Hebert Schenk P.C.
4742 N. 24th Street, Suite 100
Phoenix, Arizona 85016
(602) 248-8203

Counsel for Plaintiffs
Hein Hettinga and Ellen Hettinga

MATT D. MATZNER
(Texas Bar No. 00797022)
MARK W. McBRAYER
(Texas Bar No. 24038036)
Crenshaw, Dupree & Milam L.L.P.
1500 Broadway, 8th Floor
Wells Fargo Center
Lubbock, Texas 79401
(806) 762-5281

Local Counsel for Plaintiffs
Hein Hettinga and Ellen Hettinga

Peter Michael Bryce by Matt D. Matzner w/permission

PETER MICHAEL BRYCE
U.S. Department of Justice
20 Massachusetts Avenue, N.W.
Washington, D.C. 20001

Attorney for Defendant Mike Johanns

Gary Bellair by Matt D. Matzner w/permission

H. GRADY TERRILL
GARY BELLAIR
Craig Terrill Hale & Grantham
P.O. Box 1979
Lubbock, Texas 79408-1979

CHARLES M. ENGLISH, JR.
Thelen Reid & Priest LLP
701 8th Street, N.W.
Washington, D.C. 20001
(202) 508-4159

Attorneys for Parker Farms, Shamrock Farms, Shamrock Foods Company, United Dairymen of Arizona, Dean Foods Company, Farmers Cooperative Creamery, Northwest Dairy Association, Tillamook County Creamery, and West Farm Foods, Inc.

Fernando M. Bustos by Matt D. Matzner w/permission

FERNANDO M. BUSTOS
McCleskey Harriger Brazill & Graf L.L.P.
P.O. Box 6170
Lubbock, Texas 79493-6170
SBN: 24001819
806-796-7300

MARVIN BESHORE
130 State Street
P.O. Box 946
Harrisburg, Pennsylvania 17108
(717) 236-0781

Attorney for Amicus Dairy Farmers of America, Inc. and Defendant National Milk Producers Federation

May 22, 2006